## No. 8971.

### ZEIGLER v. BUTLER.

REAL ESTATE BROKER—*Right to Commissions.* Defendant employed plantiff to negotiate for him an exchange of houses which he owned, for a stock of goods in another locality. Plaintiff visited and examined the goods, and at his instance the owner of the stock visited and examined the houses. Defendant afterwards himself went to the site of the goods, and made an examination of them, and the exchange was finally consummated, defendant being allowed for the houses the valuation he had originally placed thereon. *Held* that plaintiff's refusal to attend defendant in his visit to the place where the goods were, was no abandonment of his agency, nor of any duty resting upon him, and that neither this omission, nor expressions to third persons of indifference as to the result of the negotiation, manifesting impatience at defendant's delays, in any manner deprive plaintiff of his commissions.

*Error to Prowers County Court, Hon. C. B. Thoman, Judge.*

Messrs. GORDON & GORDON, for plaintiff in error.

Mr. O. G. HESS and Mr. FRED W. CUCKOW, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THIS action is by the plaintiff in error, plaintiff below, to recover a broker's commission for the negotiation of a sale or trade of certain real estate for the defendant.

The defendant owned two houses in the city of Lamar, which he valued at three thousand dollars. He learned,

through plaintiff, of a stock of groceries for trade at Sugar City. He asked plaintiff to negotiate a trade of his houses for the stock of goods. This plaintiff proceeded to do, with the result that the owner of the goods sent an agent to Lamar, who, in company with the plaintiff, inspected defendant's property. Afterward the owner of the stock of goods asked defendant to come to Sugar City and inspect the same. This the defendant did, and while in Sugar City the trade was consummated. The houses of defendant were taken in on the trade at the value of three thousand dollars. The goods were exchanged at invoice price.

Upon the conclusion of plaintiff's evidence the court, upon motion of defendant, directed a verdict for defendant. In sustaining the motion for a directed verdict, the court found:

"It is my opinion that this plaintiff did abandon his agency by his refusal to accompany Mr. Butler to make that trade, and he further proved that abandonment by his statement, as he himself has admitted, that he didn't care whether the trade was made or not, whether or not it was made in Mr. Butler's presence, or whether it was made in the presence of others, it was made, and it is not denied, and it is my opinion that the motion to instruct the jury to find a verdict for the defendant should be sustained."

This was error. The finding admits the employment, concerning which there is no doubt, and the mere alleged statement of plaintiff did not constitute abandonment of his agreement.

The statement was not made to defendant, but to a disinterested party, at a time when plaintiff was impatient with defendant's delay, but the defendant proceeded thereafter and the trade was consummated as stated.

It appears that when defendant was about to go to Sugar City to make the inspection of the goods, he invited plaintiff to go with him. This plaintiff declined for the reason stated that he had inspected the stock, and that defendant must necessarily act upon his own judgment in that respect.

It is urged that this also constituted an abandonment by

plaintiff of his employment. It was no part of plaintiff's duty to again inspect the stock of goods. The acceptance or rejection of the merchandise was solely with defendant, and he acted accordingly. Beside, the defendant at no time prior to the trial denied his liability, but on the contrary complained only of the amount demanded by plaintiff for his services, and tendered him fifty dollars.

The plaintiff did all that he was required to do under the law. The judgment is reversed, with instruction to proceed in accordance with the views herein expressed.

Judgment reversed.

Hill, C. J., and Garrigues, J., concur.